IN THE UNITED STATES DISTRICT COURT     RECEIVED
FOR THE DISTRICT OF SOUTH CAROLINA C. CLERK, CHARLESTON, SC

2011 AUG -9 ℗ 12: 45

Ricco Gause,                                )      Civil Action No.: 8:11-cv-1691-RMG
                                            )
                        Plaintiff,          )
                                            )
            vs.                             )              **ORDER**
                                            )
William R. Byars, Jr., Director; Willie     )
Eagleton, Warden; Ms. Smith Medical         )
Nurse; and, Ms. Amber, Medical Nurse,       )
                                            )
                        Defendants.         )
                                            )

This is a *pro se* civil action brought by Plaintiff Ricco Gause, a state prisoner currently incarcerated at Broad River Correctional Institution in Columbia, South Carolina. Plaintiff alleges he burned his right arm while working in the kitchen of the Evans Correctional Institution. He further alleges that while he was treated by a nurse for his injury, his requests for a physician to examine his burn were denied. While Plaintiff does not claim his condition worsened or that he experienced any kind of additional physical problems due to receiving treatment from a nurse only, he does seek monetary damages of approximately $500,000.00 dollars from Defendants for the "denial of [his] due process" to see a doctor. (Dkt. No. 1).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(e) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that the Plaintiff's complaint be dismissed without prejudice and without issuance and service of process in accordance with 28 U.S.C. § 1915(e)(2). (Dkt. No. 11). The Plaintiff was advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and the serious consequences of

1

failing to do so. Petitioner failed to object to the R&R. As explained herein, this Court has reviewed the Record for any errors of law, agrees with the Report and Recommendation, and therefore dismisses the Plaintiff's complaint.

## LAW / ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Federal courts are charged with liberally construing a complaint of a *pro se* litigant to allow the development of a potentially meritorious case. *See, e.g.*, *Erickson v. Parfus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto* 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). *Cf.* FED. RULE CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). In evaluating a *pro se* complaint, federal courts are to assume the plaintiff's factual allegations are true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, a district court may not

2

rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Willer v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Prison conditions and treatment of prisoners while in custody are subject to scrutiny under the Eight Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The United States Supreme Court has held that when the state holds a prisoner in custody against his will, a corresponding duty is imposed by the Constitution on the state "to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety . . . ." *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989).

Liberally construing the complaint, it appears Plaintiff is claiming federal question jurisdiction under 42 U.S.C. § 1983. A prisoner alleging failure to provide adequate medical care under § 1983 "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429, U.S. 97, 106 (1976). Additionally, the Supreme Court has noted not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. While correctional institutions and detention facilities are required to provide prisoners with medical care, the Constitution "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.3d 811, 817 (1st Cir. 1988); *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Society does not expect that prisoners will have unqualified access to health care."); *see also Taylor v. Naphcare, Inc.*, No. 2:03CV1016-WHA (WO), 2006 WL 2038428, *13 (M.D. Ala. July 19, 2006) (holding prisoners do not have the right to demand examination by a certain medical provider).

As mentioned above, to rise to the level of a compensable constitutional violation, a plaintiff must show the defendant(s) acted with "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The Fourth Circuit defines deliberate indifference to a serious medical need as "treatment . . . so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Mere disagreement between a patient-prisoner and a medical care provider do not equate "deliberate indifference" on the part of the provider. *See Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986) ("Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation.")

In the case at bar, Plaintiff himself notes he was "immediately" sent to the medical facility at Evan Correctional after burning his arm and, once he arrived, seen by a nurse who treated the burn. (Dkt. No. 1 at 3). Plaintiff never alleges the treatment he received from the nurse was inadequate or incompetent, nor does he complain his condition deteriorated after his request for a physician was denied. As the Plaintiff fails to allege any deliberate indifference, gross incompetence, or inadequate treatment on the part of the Defendants, no viable claim of a constitutional violation is stated in Plaintiff's complaint.

4

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court and the Plaintiff's complaint is **DISMISSED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

August 9, 2011
Charleston, South Carolina

5